993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas VINAGERA-CESAR, Defendant-Appellant.
 No. 90-50054.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Vinagera-Cesar appeals his conviction, which followed a jury trial, for assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). Vinagera-Cesar claims, first, that the district court abused its discretion by admitting evidence of other crimes pursuant to Fed.R.Evid. 404(b), and, second, that the evidence was insufficient to sustain his conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 A. Prior Acts
 
 3
 We review for abuse of discretion a district court's decision to admit evidence under Fed.R.Evid. 404(b). United States v. Houser, 929 F.2d 1369 (9th Cir.1990). "Evidence of a defendant's prior act is admissible under Rule 404(b) if that 'evidence is probative of a material issue in the case.' " United States v. Jones, 982 F.2d 380, 382 (9th Cir.1992) (quoting United States v. Ramirez-Jiminez, 967 F.2d 1321, 1325 (9th Cir.1992)). The government is entitled to introduce probative 404(b) evidence whether or not the defendant chooses to contest the particular issue his prior act tends to prove. Jones, 982 F.2d at 382. "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately. Nonetheless, "when the probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice ... or misleading the jury,' Fed.R.Evid. 403, the evidence must be kept out." United States v. Hitt, 981 F.2d 422, 423 (9th Cir.1992). Rule 403 bars evidence that provokes " 'an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " Ramirez-Jiminez, 967 F.2d at 1327 (9th Cir.1992) (quoting United States v. Bailleux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 4
 Here, Vinagera-Cesar was charged with slashing Kevin Riley, a fellow inmate at Lompoc Federal Penitentiary, with a razor blade in violation of 18 U.S.C. § 113(c). The district court admitted evidence of his conviction for violating the same statute in 1986, and of his 1982 conviction for battery, reasoning that both were "probative of his state of mind."[1] Because Vinagera-Cesar testified that another inmate committed the assault, he argues that intent was not a "material issue" in this case. We disagree. Vinagera-Cesar's decision not to contest the element of intent "did not relieve the government of its burden of proving [it] beyond a reasonable doubt." Jones, 982 F.2d at 382. Moreover, the prior acts tended to make the existence of Vinagera-Cesar's intent more probable than it would have been without the evidence, id. (citing Ramirez-Jiminez, 967 F.2d at 1325), and it is unlikely that their mention awakened in the jury an irrational or emotional desire to punish him based on his character alone, see Hitt, 981 F.2d at 424. Accordingly, we hold the district court did not abuse its discretion by admitting evidence of Vinagera-Cesar's prior convictions.
 
 B. Sufficiency of the Evidence
 
 5
 Where a defendant has failed to move for acquittal below, we review the sufficiency of the evidence only to prevent a "manifest miscarriage of justice." United States v. Smith, 924 F.2d 889, 894 (9th Cir.1991).
 
 
 6
 The government's evidence showed that on the morning of the assault, Dale Agrimson, a prison guard, brought Vinagera-Cesar and seven other inmates with their hands cuffed behind their backs to the recreation cage. From outside the cage, Agrimson removed Vinagera-Cesar's handcuffs and secured them to his own belt. As he looked down, he heard Riley scream. When he looked up, he saw Vinagera-Cesar swing at Riley and blood on Riley's face. Then he saw a third inmate, Torres-Dominguez, step in between Vinagera-Cesar and Riley. All the inmates except Vinagera-Cesar were still handcuffed. Agrimson summoned help, and two guards, Grammont and Castaneda, responded. Grammont escorted Vinagera-Cesar to a lower block of cells, where inmates are placed after assaults. He testified that Vinagera-Cesar was excited and repeated approximately four times that "the faggot had it coming" and "he was lucky it was a razor blade." When Gammont returned to the recreation cage, he found a bloodied razor blade near the door.
 
 
 7
 Castaneda testified that he heard Vinagera-Cesar shout repeatedly in Spanish from the lower cell block, "Pinche a un maricon en la yarda." Castaneda, who was familiar with Vinagera-Cesar's voice, bilingual in English and Spanish, and familiar with Cuban slang, translated the phrase, "I slashed a faggot in the yard." Vinagera-Cesar stopped yelling only when Torres-Dominguez shouted at him to shut up because people were listening.
 
 
 8
 Vinagera-Cesar testified that, before Agrimson looked up, Torres-Dominguez had freed one of his own hands from the handcuffs behind his back, slashed Riley and resecured his free hand. According to Vinagera-Cesar's version, he interceded between the two men. He points out that no one saw him slash Riley or saw him yelling from the lower cell block. Moreover, he argues, the government did not produce his bloodied clothes or the razor blade at trial. He testified that each of the government's witnesses had lied on the stand.
 
 
 9
 We discern no miscarriage of justice in the conviction founded on this evidence. See Smith, 924 F.2d at 894. The jury was not bound to believe Vinagera-Cesar's improbable account of the assault, and reasonably convicted him in light of the government's more credible evidence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant argues that the district court ruled the evidence of his 1986 conviction admissible solely for impeachment purposes. Thus, he claims, the government was precluded from introducing the evidence as part of its case in chief to show his state of mind. We do not address this claim because the transcript reflects that the district court admitted the evidence for both purposes